UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVE INVESTMENTS, LLC,<br>　　　　Plaintiff,<br>　v.<br>THE VESSEL - CORDELIE,<br>　　　　Defendant. | Case No. 18-cv-03884-DMR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br>Re: Dkt. No. 23 |

Plaintiff Cove Investments, LLC moves the court pursuant to Federal Rule of Civil Procedure 55(b)(2) and Admiralty Local Rule 6-2(b) for entry of default judgment against Defendant Vessel *Cordelie*, her engines, rigging, sails, boars, tackle, apparel, and furniture, in the amount of $2,916.08, and for an order for attachment, condemnation, and public auction of the vessel to pay the $2,916.08. [Docket No. 23.] Plaintiff has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). [Docket No. 8.] Therefore, the undersigned may exercise jurisdiction to conduct all proceedings in this *in rem* matter, including the entry of judgment. *See United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1998); *see also Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017) (affirming *Real Property*). This matter is appropriate for resolution without oral argument. Civ. L.R. 7-1(b). For the following reasons, the motion is granted.

**I.　BACKGROUND**

Defendant Vessel *Cordelie* is a recreational sailing vessel. Compl. ¶ 3. In May 2006, *Cordelie*'s owners, Bradley Hampton and Kim Hampton, entered into a written agreement with Plaintiff for afloat berthing at a monthly rate of $277.50 while *Cordelie* was berthed at Plaintiff's Brickyard Cove Marina in Point Richmond, California. *Id.* at ¶ 5, Ex. 1 (Application for Berth Agreement); Clausen Decl., Nov. 15, 2018 (Docket No. 23-2) ¶ 3. The monthly berthing rate eventually increased to $379.25 which the vessel's owners paid until January 2018. Compl. ¶ 6;

1  Clausen Decl. ¶ 4.  No payments have been received since January 1, 2018.  As of June 27, 2018, the date of the complaint, the outstanding balance of berthing charges owed by the vessel was $2,056.56.  Compl. ¶ 8; Clausen Decl. ¶ 6.  According to Plaintiff, the vessel incurred berthing charges at the rate of $12.64 per day through September 7, 2018, the date *Cordelie* was arrested, for a total amount of $2,916.08 in unpaid berthing charges.  Compl. ¶¶ 6-8, Ex. 2; Clausen Decl. ¶¶ 7-8.

Plaintiff filed this *in rem* action on June 28, 2018 to collect on the debts that the owners of *Cordelie* have accrued to date, asserting a maritime lien against the vessel, her engines, boats, tackle, apparel, and furniture pursuant to 46 U.S.C. § 31342.  *See* Compl. ¶ 11.  On July 17, 2018, the court granted Plaintiff's ex parte application for issuance of an arrest warrant for *Cordelie*.  [Docket No. 11.]  The court also granted Plaintiff's application for appointment of a substitute custodian, appointing Carey Clausen, Marina Administrator of Brickyard Cove Marina, custodian of the vessel and authorizing the United States Marshal for the Northern District of California to surrender possession of the vessel to her.  [Docket No. 12.]  The Clerk of the Court issued a warrant on July 18, 2018.  [Docket No. 13.]  The United States Marshal served the vessel and custodian Clausen, and arrested the vessel on September 7, 2018 at the Brickyard Cove Marina.  [Docket No. 15.]

Plaintiff served the summons, complaint, orders issuing the arrest warrant and appointing Clausen as custodian, and other court documents upon Bradley Hampton and Kim Hampton by United States mail on October 11, 2018.  [Docket No. 23-1 (Alexander Decl., Nov. 15, 2018) ¶¶ 2-4.]  Plaintiff also published notice of the arrest and this in rem action in the newspaper *The Inter-City Express* on September 20, 2018.  [Docket No. 18.]

Plaintiff requested entry of default on November 1, 2018, which the Clerk granted on November 13, 2018.  [Docket Nos. 20, 22.]  Plaintiff now moves for default judgment.  On December 11, 2018, the court ordered Plaintiff to submit supplemental briefing addressing whether publication in *The Inter-City Express* satisfies Admiralty Local Rules 6-1(a)(2)(i) and 4-2(a).  [Docket No. 28.]  Plaintiff timely filed the requested briefing, along with proof of publication of the notice of this action and the arrest of the vessel in the *San Francisco Daily*

2

1 *Journal*, a newspaper having general circulation in the Northern District of California, on

2 December 17 and 19, 2019. [Docket No. 29, 31, 32.] No claimant has appeared in this action.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a case following a defendant's default. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001). Whether to enter a judgment lies within the court's discretion. *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) ("A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986))).

Before assessing the merits of a default judgment in an *in rem* action brought pursuant to 46 U.S.C. § 31342(a), a court must confirm that it has subject matter jurisdiction over the case and *in rem* jurisdiction over the defendant, as well as ensure the adequacy of service upon those who may have an interest in the defendant. *See Crescent City Harbor Dist. v. M/V Intrepid,* No. 08–1007–JCS, 2008 WL 5211023, at *2-3 (N.D. Cal. Dec. 11, 2008). The court then may grant a default judgment if the requirements in Admiralty Local Rule 6-2(b) have been met: "(1) Notice has been given as required by Admir. L.R. 6-1(a)(2) and (b)(2); (2) The time to answer has expired; and (3) No one has filed a verified statement of right of possession or ownership interest in the property." Admiralty L.R. 6-2(b).

If the court finds these elements satisfied, it turns to the following factors ("the *Eitel* factors") to determine whether it should grant a default judgment:
> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted). In this analysis, "the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true." *Pepsico, Inc.*, 238 F. Supp. 2d at 1175 (citing *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). Nevertheless, default does not compensate for essential facts not within the pleadings and those legally insufficient to prove a claim. *Cripps v. Life Ins. Co. of N. Am.*, 980

3

F.2d 1261, 1267 (9th Cir. 1992).

## III. ANALYSIS

### A. Jurisdiction

This is an admiralty action *in rem* to enforce a maritime lien on the vessel under the Federal Maritime Lien Act ("FMLA"), 46 U.S.C. §§ 31301-31343. The court has jurisdiction over this action pursuant to 28 U.S.C. § 1333, which vests district courts with original jurisdiction of "[a]ny civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333(1). An *in rem* action may be brought to enforce any maritime lien, or whenever a statute of the United States provides for a maritime action to be brought *in rem*. Fed. R. Civ. P. Supp. C(1). Here, Plaintiff seeks to enforce a maritime lien under the FMLA, 46 U.S.C. § 31342. Accordingly, the court has subject matter jurisdiction over this case. The court also has *in rem* jurisdiction over *Cordelie* because the vessel is located within the Northern District of California, was "arrested pursuant to maritime process" and "the warrant w[as] successfully served." *Ventura Packers, Inc. v. F/V Jeanine Kathleen*, 424 F.3d 852, 858 (9th Cir. 2005); *accord* Fed. R. Civ. P. Supp. C(2)-(3).

### B. Notice Requirements

Under the Admiralty Local Rules, the "party seeking a default judgment in an action *in rem* must show that due notice of the action and arrest of the property" were provided as follows:

> i. By publication as required in [Fed. R. Civ. P. Supp.] C(4);
>
> ii. By service upon the master or other person having custody of the property; and
>
> iii. By service under [Fed. R. Civ. P.] 5(b) upon every other person who has not appeared in the action and is known to have an interest in the property.

Admir. L.R. 6-1(a)(2). The moving party must also provide notice to those with recorded interests in the applicable governmental registry. Admir. L.R. 6-1(b).

Regarding the adequacy of service of process, Federal Rule of Civil Procedure Supplemental Rule C requires that "[i]f the property that is the subject of the action is a vessel or tangible property on board a vessel, the warrant and any supplemental process must be delivered to the marshal for service." Fed. R. Civ. P. Supp. C(3)(b)(i). Supplemental Rule C(4) also

mandates that a plaintiff "give public notice of the action and arrest [of the vessel] in a newspaper designated by court order and having general circulation in the district . . . The notice must specify the time under Rule C(6) to file a statement of interest in or right against the seized property and to answer." Fed. R. Civ. P. Supp. C(4); *see* Admiralty L.R. 4-2(a) (providing further details needed in publication notice); *see also* Civil L.R. 77–4(b) (listing appropriate newspapers for publication notice). For actions in which a plaintiff seeks a default judgment, Local Admiralty Rule 6-1(a) also requires that

> due notice of the action and arrest of the property has been given: (2) . . . (i) By publication as required in Fed.R.Civ.P. Supp. C(4); (ii) By service upon the master or other person having custody of the property; and (iii) By service under Fed.R.Civ.P. 5(b)[1] upon every other person who has not appeared in the action and is known to have an interest in the property.

Admiralty L.R. 6–1(a). The court has reviewed the proofs of service and other documents, and finds that Plaintiff complied with all of these rules and, therefore, that proper service was made. [*See* Docket Nos. 15, 23-1, 29, 31.]

The court also finds that the factors listed in Admiralty Local Rule 6-2(b) have been met. As noted above, Plaintiff has provided notice in accordance with Admiralty Local Rule 6-1(a)(2) and (b)(2). [*See* Docket Nos. 23-1, 29, 31.] The time to answer has expired, *see* Fed. R. Civ. P. Supp. C(6)(a)(i), and no one has filed a verified statement of right of possession or ownership interest in the property.

### C. Application of the *Eitel* Factors

Turning to the first *Eitel* factor, Plaintiff will suffer prejudice if the court does not enter a default judgment in its favor. As set forth in the complaint, Plaintiff has provided berthing to *Cordelie* since May 2006, but the vessel's owners have not paid the monthly berthing charges since January 2018. If the court denies Plaintiff's motion, Plaintiff would be unable to recover the outstanding amounts owed pursuant to its agreement with Bradley Hampton and Kim Hampton. This factor weighs in favor of granting the motion.

Plaintiff also fulfills the second and third *Eitel* factors. 46 U.S.C. § 31342 provides in

---

[1] Rule 5(b) permits service by "mailing it to the person's last known address." Fed. R. Civ. P. 5(b)(2)(C).

5

relevant part that

> [A] person providing necessaries to a vessel on the order of the owner or a person authorized by the owner—
>
> (1) has a maritime lien on the vessel;
>
> (2) may bring a civil action in rem to enforce the lien; and
>
> (3) is not required to allege or prove in the action that credit was given to the vessel.

46 U.S.C. § 31342(a). 46 U.S.C. § 31301 defines "necessaries" as "includ[ing] repairs, supplies, towage, and the use of a dry dock or marine railway." 46 U.S.C. § 31301(4). However, "[t]he list is not exhaustive, and in fact, modern admiralty jurisprudence interprets 'necessaries' broadly, as anything that facilitates or enables a vessel to perform its mission or occupation." *Ventura Packers, Inc. v. F/V JEANINE KATHLEEN*, 305 F.3d 913, 923 (9th Cir. 2002). "The term 'necessaries' includes most goods or services that are useful to the vessel and keep her out of danger." *Id*.

Here, the complaint alleges that Plaintiff provided berthing to *Cordelie* pursuant to a written agreement with its owners, and that the owners paid the monthly berthing rate until January 2018. Berthing services are "necessaries" under 46 U.S.C. § 31301(4). *See Keefe Kaplan Mar., Inc. v. Vessel "Cygnet"*, No. 4:17-CV-03899-KAW, 2018 WL 534300, at *8 (N.D. Cal. Jan. 24, 2018) (citations omitted). Accordingly, the court concludes that Plaintiff has sufficiently pled the existence of a maritime lien under 46 U.S.C. § 31342(a).

As to the fourth factor, "[w]hen the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Bd. of Trs. v. Core Concrete Const., Inc.*, No. 11-2532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012) (citing *Eitel*, 782 F.2d at 1472). However, when "the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Id.* (citations omitted). The sum of damages that Plaintiff requests is $2,916.08, which represents the amounts owed for berthing under the written agreement between Plaintiff and *Cordelie*'s owners. Clausen Decl. ¶¶ 6-9. Plaintiff also seeks its *in custodia legis* costs of maintaining the vessel pursuant to a cost bill to be filed post-judgment. *Id*. at ¶ 9. Therefore, the sum Plaintiff seeks is directly related to the amounts due for berthing

6

pursuant to the written agreement. This factor weighs in favor of granting default judgment.

Under the fifth *Eitel* factor, the court assesses the likelihood of dispute between the parties regarding the material facts of the case. "[I]n defaulting, defendants are deemed to have admitted all well-pleaded factual allegations" in the complaint. *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 851 (9th Cir. 2007). As discussed above, the complaint adequately alleges a claim for a maritime lien on the vessel. Plaintiffs also published notice of this action and the arrest of the vessel in accordance with the Local Rules, and served Bradley Hampton and Kim Hampton with notice of the action as well as this motion and all related filings. [*See* Docket Nos. 23-1, 29, 30, 31.] No claimant has appeared in this action. Therefore, the court finds there is little possibility of a dispute of material facts.

Finally, under the sixth *Eitel* factor, nothing in the record suggests that any interested party failed to respond to the complaint due to excusable neglect. As noted, Plaintiffs provided notice of the action by publication and served the vessel's owners with submissions relating to the case throughout the pendency of this action.

The final *Eitel* factor examines whether the policy of favoring a decision on the merits precludes entry of default judgment. *Eitel*, 782 F.2d at 1472 ("[c]ases should be decided on their merits whenever reasonably possible"). However, "the mere existence of Fed.R.Civ.P. 55(b) indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Although this factor weighs against default judgment, the court finds that it does not preclude granting it, and that the remaining *Eitel* factors weigh in favor of granting Plaintiff's motion for default judgment.

**D.  Remedy**

Plaintiff presents evidence that the value of the maritime lien against which it wishes to foreclose is $2,916.08. Clausen Decl. ¶¶ 6-8. The court finds that Plaintiff is entitled to default judgment on its maritime lien in the amount of $2,916.08.

Plaintiff also requests an award of its *in custodia legis* costs of maintaining the vessel pursuant to a cost bill to be filed post-judgment, *id*. at ¶ 9, but did not describe any such costs in its motion. Plaintiff may submit a cost bill for the court's consideration. Any cost bill must

substantiate the amounts claimed and provide authority for an award of such costs.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiff's motion for default judgment against Defendant Vessel *Cordelie*, her engines, rigging, sails, boats, tackle, apparel, and furniture, U.S. Documentation No. 287224, in the amount of $2,916.08. Plaintiff shall recover this amount from the foreclosure of its lien against *Cordelie*, which the court ORDERS to be accomplished through a public sale, to be conducted by the United States Marshal pursuant to Admiralty Local Rule 9-2. The court shall retain jurisdiction over this action through the completion of the sale of *Cordelie* and related proceedings.

**IT IS SO ORDERED.**

Dated: January 28, 2019



Donna M. Ryu
United States Magistrate Judge